IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RYAN JOSEPH, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 5:07-CV-225 (HL) |
| MICHAEL M. COLE, JR.; ELLEN S. MOORE, | : | |
| Defendants | : | **ORDER** |

Plaintiff **RYAN JOSEPH**, an inmate at the Federal Correctional Institution in Miami, Florida, has filed a *pro se* civil action pursuant to the Privacy Act of 1974. 5 U.S.C. § 552a.[1]

## I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated July 25, 2007, the Court granted plaintiff's motion to proceed *in forma pauperis*, but ordered that he pay an initial partial filing fee in the amount of $15.19. On August 20, 2007, the Court received $15.19 from plaintiff.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28

---

[1]On August 13, 2007, plaintiff filed a "Motion for Clarification of the Pleadings." In this motion, plaintiff advised that he is not proceeding pursuant to 42 U.S.C. § 1983 and, instead, brings this action under 5 U.S.C. § 552a (g)(1)(A-D). To the extent that plaintiff wishes to show his action is brought pursuant to 5 U.S.C. § 552a (g)(1)(A-D), his motion is **GRANTED**.

U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

## III. DISCUSSION

Plaintiff explains that on March 3, 1994, this Court adopted the presentence investigation report ("PSI") that defendants prepared. Plaintiff states that he objected to the PSI because it contained "numerous inaccuracies and/or errors." (Compl., p. 2). Specifically, plaintiff states that he "objected to the PSI assessing enhancements for discharge of a firearm . . . , property taken . . . , [and] money taken." (Compl., p. 2).

Plaintiff alleges that in the past he has filed a Writ of Mandamus and a "motion for judgment on the pleadings" in an attempt to have this Court "order the probation officer to correct [p]laintiff's PSI." (Compl., p. 2-3).

Plaintiff alleges that he has been "irreparably injured by the conduct of the defendants" and states that, pursuant to 5 U.S.C. § 552a, he is entitled to have any errors in his PSI corrected. Plaintiff requests that the Court order a new PSI and award him $520,000.00 in damages.

There are several reasons why this action must be dismissed. First, plaintiff has named the wrong defendants. Under the Privacy Act of 1974, "[a] civil damage action may be brought solely against an 'agency'. The term 'agency' does not encompass individual government officials." *Windsor v. The Tennessean*, 719 F.2d 155, 159-60 (6th Cir. 1983).

Next, even if plaintiff named the correct defendant, his action would still be subject to dismissal. "[A] plaintiff's failure to file suit [under the Privacy Act] within the time period specified in § 552a (g)(5)[2] deprives the federal courts of subject matter jurisdiction over the action." *Diliberti v. United States*, 817 F.2d 1259 (7th Cir. 1987). "Congress waived the sovereign immunity of the United States when it enacted the Privacy Act but imposed a two-year statute of limitations." *Harrell v. Fleming*, 285 F.3d 1292, 1293 (10th Cir. 2002). The two years begins to run when plaintiff first became aware of the alleged errors in his PSI. *Id*. Plaintiff was aware of any alleged errors in his PSI as early as February 1, 1994. In fact, he filed an objection to the PSI on this date. (R. at 115 in *U.S.A. v. Jones*, 5:93-CR-22 (HL)). In his current complaint, plaintiff admits that he knew about the alleged errors as early as 1994 and complained about them at that time. Specifically, he states as follow: "On or about March 3, 1994, the [p]laintiff['s]. . . PSI was adopted by the district court in the Middle [D]istrict of Georgia. During which time the [p]laintiff objected to the PSI assessing enhancements for discharge of a firearm . . . , property taken . . . , [and] money taken." (Compl., p. 2). Accordingly, plaintiff's Privacy Act claims are time barred and the court lacks

---

[2] 5 U.S.C. §552a (g) (5) provides as follows: "An action to enforce any liability created under this section may be brought . . . within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation."

jurisdiction over the matter.[3]

For these reasons, plaintiffs case is **DISMISSED** pursuant to 28 U.S.C. 1915A.

**SO ORDERED**, this 27th day of August, 2007.

<pre>
                                        s/  Hugh Lawson
                                        HUGH LAWSON
                                        UNITED STATES DISTRICT JUDGE
</pre>

lnb

---

[3]The Court also notes that "the correct vehicle for seeking modification or correction of a sentence is a 28 U.S.C. § 2255 motion." *Cooper v. United States Dep't of Treasury*, No. 05-1417, 2006 U.S. App. LEXIS 6212 at *7 n.3 (11th Cir. March 15, 2006). Plaintiff has filed numerous Motions to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 and motions pursuant to 28 U.S.C. § 2241. (R. at 143, 166, 174 in *U.S.A. v. Jones*, 5:93-CR-22 (HL)). On September 20, 2004, the Eleventh Circuit Court of Appeals upheld plaintiff's sentence. (R. at 260 in *U.S.A. v. Jones*, 5:93-CR-22 (HL)). This Court cannot now reconsider plaintiff's claims regarding his sentence because such claims are barred by the law-of-the-case doctrine. *Id* at *8-9.